**In the Matter of Randy A. GODSHALK, Respondent.**

**No. 45S00–1209–DI–537.**

Supreme Court of Indiana.

May 23, 2013.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** RM was charged with several crimes, including battery of JB, who was on probation resulting from theft conviction. Respondent entered his appearance on behalf of RM. After JB failed to appear for a deposition, Respondent moved to exclude her testimony in the case against RM. These events occurred in 2008–2009.

During the same time frame, an order to revoke JB's probation was entered, JB was charged with operating a vehicle while intoxicated ("OWI"), and a bench warrant was issued for her arrest. JB went to Respondent's office to hire him to represent her in the probation revocation and the OWI cases. A non-lawyer assistant agreed to the representation, agreed that Respondent would accept assignment of JB's pre-trial release bonds as payment for his fees, prepared appearances using a rubberstamp for Respondent's signature, and filed the appearances. At the time, Respondent and his assistant had sufficient information that they should have known JB was a victim and witness in RM's criminal case. Eventually, Respondent was disqualified from representing RM and withdrew his representation of JB. Respondent did not seek any payment from either JB or RM.

The parties cite the following facts in mitigation: (1) Respondent has no disciplinary history; (2) Respondent was cooperative with the Commission; (3) Respondent has acknowledged his misconduct and is remorseful; (4) when Respondent first met with JB, she falsely denied being the person who was a witness in RM's case; (5) Respondent's misconduct resulted from negligent supervision of a nonlawyer rather than a conscious attempt to benefit himself or another client; and (6) there is no evidence that either JB or RM was adversely affected by the simultaneous representation.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.1: Failure to provide competent representation (by failing to check adequately for conflicts of interest).

1.7(a): Representing a client when the representation involves a concurrent conflict of interest.

5.3(b): Failure to make reasonable efforts to ensure that the conduct of a nonlawyer employee over whom the lawyer has direct supervisory authority is compatible with the professional obligations of the lawyer.

5.5(a): Assisting in the unauthorized practice of law.

We note that the Court has adopted the Indiana Professional Conduct Guidelines regarding the use of non-lawyer assistants to guide attorneys in complying with the Rules of Professional Conduct. In supervising his non-lawyer assistant, Respon-

dent's actions did not conform to the following guidelines:

9.3(a): A lawyer may not delegate to a non-lawyer assistant responsibility for establishing an attorney-client relationship.

9.3(b): A lawyer may not delegate to a non-lawyer assistant responsibility for establishing the amount of a fee to be charged for a legal service.

**Discipline:** The parties propose the appropriate discipline is a public reprimand. The Court, having considered the submissions of the parties, now approves the agreed discipline and imposes **a public reprimand** for Respondent's misconduct.

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.